[No. 5690. Decided October 20. 1905.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN PACKENHAM, *Appellant*.[1]

CRIMINAL LAW—YOUTHFUL OFFENDERS—CERTIFICATION OF PROCEEDINGS TO SUPERIOR COURT—JURISDICTION. Under Bal. Code, §§ 6722, 6724, upon the conviction before a justice of the peace of a boy between the ages of 8 and 16 years, for disturbing a public school, it is the duty of the justice to certify the proceedings to the superior court for the purpose of determining whether the offender is a fit subject for the reform school; and in such case the justice has jurisdiction of the offense, and there is no trial before the superior court for the purpose of ascertaining the guilt or innocence of the accused.

JURY—RIGHT TO TRIAL BY JURY. A youthful offender tried before a justice of the peace for the offense of disturbing a public school waives his right to a jury trial by not demanding the same before the justice.

CRIMINAL LAW — DISTURBING SCHOOL — STATUTES — CONSTRUCTION. Laws 1903, p. 328, prescribing a penalty for disturbing a public school by any "person" applies to and includes a "pupil" of such school who was not attending the school at the time the offense was committed and was outside of the school building.

1Reported in 82 Pac. 597.

APPEAL—RECORD—STATEMENT OF FACTS. Upon an appeal from a judgment of the superior court, upon the certification of proceedings before a justice of the peace, wherein a youthful offender was convicted of disturbing a public school, errors during the progress of the hearing cannot be reviewed in the absence of a statement of facts.

STATUTES—TITLE—SUFFICIENCY. Laws 1903, p. 325, entitled, an act relating to the public schools, defining certain offenses and providing penalties, is not open to the objection that it embraces more than one subject which is not expressed in its title, by reason of including. in the general law pertaining to school matters provisions prescribing a penalty for minor offenses relating to the public schools.

CRIMINAL LAW — YOUTHFUL OFFENDERS — HEARING IN SUPERIOR COURT—FAILURE TO APPEAL. A boy between the ages of 8 and 16 years, convicted before a justice of the peace of disturbing a public school, who fails to appeal from said judgment to the superior court, is not entitled to a rehearing on said charge or a trial by jury upon the certification of the proceedings to the superior court for the pur· pose of determining whether he should be sent to the reform school.

Appeal from an order of the superior court for Lewis county, Rice, J., entered January 23, 1905, upon the certification of a judgment of a justice's court convicting a minor of the offense of disturbing a school, after an examination before the court without a jury, committing the defendant to the reform school. Affirmed.

*W. W. Langhorne,* for appellant.

*J. R. Buxton* and *A. J. Falknor,* for respondent.

CROW, J.—On the 11th day of January, 1905, a complaint was filed with W. A. Westover, justice of the peace for Chehalis precinct, Lewis county, Washington, charging appellant, John Packenham, and three other defendants, with having disturbed the West Side school, in the city of Chehalis, in violation of § 12, Chap. 156, Laws of 1903, page 328. A warrant being issued, appellant was brought before said justice, tried without a jury, and found guilty. It having appeared at said trial that said appellant was a boy of sane mind, between the ages of eight and sixteen years, said justice, in accordance with the provisions of Bal. Code,

§ 2722, forthwith sent him, together with all papers, to the judge of the superior court of Lewis county. Afterwards, on the 23d day of January, 1905, the Honorable A. E. Rice, judge of said superior court, having theretofore in the presence of appellant, his parents, and attorney, conducted the examination provided by Bal. Code, § 2724, made an order that the said John Packenham be committed to the state reform school at Chehalis, Washington. From said order and judgment, this appeal has been taken.

Said justice had jurisdiction to try appellant (3 Bal. Code, § 4683, Laws 1901, p. 34), who was then and there entitled to demand and secure a jury trial. Bal. Code, § 6668. The record does not show any such demand to have been made, but does show that appellant was regularly tried and found guilty by said justice. It having appeared that appellant was a boy of sound mind, between the ages of eight and sixteen years, it was the duty of said magistrate to certify all his proceedings to the superior court of Lewis county, and to forthwith send appellant before the judge of said court. By reason of appellant's age, the justice of the peace could not impose any penalty, after having convicted him. No appeal appears to have been perfected from the judgment of said magistrate, nor have legal steps of any character been taken by appellant to obtain a review of his proceedings.

Appellant contends that the superior court was without jurisdiction to summarily try him on a criminal charge, and insists that he was entitled to a trial by jury in said superior court. We think this contention is without merit. He was not being tried in the superior court upon any criminal charge, nor was he sent to the judge of said court for any such purpose. The magistrate could not impose any penalty upon him after his conviction, as, by reason of the provisions of Bal. Code, §§ 2722-2724, it became the duty of the superior court judge, in the presence of appellant's parents, to proceed to take the voluntary examination of ap-

pellant, to hear the statements of any party appearing for him, and such testimony in relation to the case as might be produced, and ascertain whether he, having been convicted of the offense charged, was a fit subject for the reform school. This is exactly what was done, and such a proceeding was not a trial of appellant by the superior court for the purpose of ascertaining his guilt or innocence of the charge theretofore preferred against him before the magistrate. Appellant has not been deprived of any constitutional right of trial by jury. He had the right to demand a jury before the magistrate. Having failed to make such demand, or to appeal from the magistrate's judgment of conviction, he is now in no position to complain.

Appellant also contends that the complaint upon which he was arrested fails to state facts sufficient to constitute any offense under the laws of this state. His argument in support of this proposition is that § 12, of the statute of 1903, Laws 1903, p. 328, uses the word "person" but does not use the word "pupil." He urges that, as the record transmitted to the superior court by the justice, which is now before us as a part of the transcript, shows he was a pupil of the school alleged to have been disturbed, he could not be charged with the offense named, under said statute, which, in the use of the word "person," did not contemplate a pupil. It is true said record shows he was a pupil of said school. It also shows that, from the beginning of the school year in 1904, until the date of the offense charged, to wit, January 10, 1905, he had attended school but fourteen days, notwithstanding the fact that the proper school authorities had been constantly endeavoring to compel his regular attendance. He was not attending the school at the time the offense was committed, but was outside of the school building. In any event, we think the statute is not susceptible of the construction urged by appellant, and that the complaint did state facts sufficient to charge an offense

without regard to the question as to whether appellant was, or was not, an enrolled pupil of said school.

Other errors have been assigned, based upon alleged rulings made by the judge of the superior court during the progress of the hearing had before him. But we do not think they are properly before us for review, as appellant failed to propose any statement of facts showing the proceedings in the superior court, and no such statement is now in the record. The order committing appellant to the reform school appears to be regular upon its face, and in strict compliance with the law, and we must presume, in the absence of any statement of facts, that all prior proceedings leading up to the entry of such order were regular and· without error.

Appellant also contends that the act of 1903, under which he was arrested, is unconstitutional, as being in violation of § 19, art. 2, of the constitution of the state of Washington, which provides that "No bill shall embrace more than one subject, and that shall be expressed in the title." The title of the act in question reads as follows:

"An Act relating to the public schools of the State of Washington; defining certain offenses; providing penalties therefor; repealing sections 159 to 175, both inclusive, approved March 19, 1897; and declaring that this chapter shall constitute Chapter 11 of said Code of Public Instruction and declaring an emergency." Laws 1903, p. 325.

An examination of the entire act will show that all offenses therein enumerated pertain to school matters and public schools of the state of Washington. The act is not subject to the objection urged, as it deals with but one general subject, which is embraced in the title.

Appellant has only appealed from the proceedings and order of the superior court, which did not at any time conduct a trial for the purpose of ascertaining whether he was guilty or innocent of the offense with which he had been charged; but was only endeavoring to determine what dis-

position should be made of him after he had been theretofore convicted before a magistrate having jurisdiction to try him. It must be remembered that this cause was not transferred to the superior court, by any act of appellant, to prosecute an appeal or institute proceedings to review the judgment of said magistrate, but was taken into said court because of the statutory duty of the magistrate to certify it there. Had appellant desired. to obtain a review of the proceedings leading up to his conviction, he should have taken proper steps, by appeal or otherwise, to obtain such review by the superior court. This he has failed to do. Hence the only question before us for consideration is whether the proceedings in the superior court were free from prejudicial error. On the record, in the absence of any statement of facts, we fail to find any such error.

The judgment is affirmed.

MOUNT, C. J., ROOT, DUNBAR, RUDKIN, FULLERTON, and HADLEY, JJ., concur.